# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 23 B 00235 |
| Nashonna Turner | ) | Honorable Judge: A. Benjamin Goldgar |
| Debtor | ) | CHAPTER 7 |
| _____ | ) | _____ |
| | ) | |
| Nashonna Turner | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ADV. NO. __AP_____ |
| | ) | |
| U.S. Department of Education and | ) | |
| Maximus Education, LLC d/b/a Aidvantage | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT FOR HARDSHIP DISCHARGE PURSUANT TO
## 11 U.S.C. 523(a)(8)(B)

NOW COMES the Plaintiff, Nashonna Turner ("Plaintiff"), by and through her attorneys, The Semrad Law Firm, LLC, and presents for hardship discharge pursuant to 11 U.S.C. 523(a)(8)(B). In so, the Plaintiff states as follows:

### The Parties

1. Nashonna Turner is the Debtor in Chapter 7 bankruptcy case, filed on January 9, 2023, (the "Petition Date") and pending before this Court as case number 23 B 00235.

2. The Defendant, the U.S. Department of Education, is headquartered in Washington D.C. and is the holder of certain debts that were included in the bankruptcy and were incurred by Plaintiff as educational loans.

3. The Defendant, Maximus Education, LLC d/b/a Aidvantage, is the federal loan servicing unit responsible for servicing the educational loans held by Defendant, the U.S. Department of Education.

## Jurisdiction

4. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 because this is adversary proceeding arises under and is related to Debtor's above captioned bankruptcy case pending in this Court. This Adversary Proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §157(B)(2). Venue is proper pursuant to 28 U.S.C. §1409.

5. The Statuary basis for the relief requested is 11 U.S.C. § 523(a)(8)(B).

## Factual Allegations

6. Plaintiff is a self-employed therapist.

7. Plaintiff attended college and earned a degree 10 years ago. Plaintiff borrowed tens of thousands of dollars in federal student loans now held and serviced by Defendants.

8. Over the years, Plaintiff has made several payments on the loans when Plaintiff could and has requested deferments or forbearances when Plaintiff could.

9. Plaintiff applied for an income driven repayment plan for the loans.

10. Despite Plaintiff's efforts, Plaintiff has made no progress with paying down the loans. As of the date of the petition, Plaintiff owes as follows:

    - U.S. Department of Education/Maximus Education, LLC d/b/a Aidvantage– $130,990.00

11. If Plaintiff is forced to repay these loans, it will impose an undue hardship on the Plaintiff, as described in 11 U.S.C. § 523(a)(8)(B).

12. In determining whether student loans impose an undue hardship, many courts have adopted the framework known as the *Brunner* test that was laid out in *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F. 2d 395 (2d Cir. 1987).

13. Under the *Brunner* test, the Debtor will prevail if the Debtor can establish that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. *Id.* at 396.

14. Plaintiff cannot presently maintain a minimal standard of living if required to repay these loans, as clearly evidenced by Plaintiff's budget.

15. Present circumstances indicate that Plaintiff's financial situation is likely to persist into the future as Plaintiff has been out of school for more than ten (10) years.

16. The Plaintiff has acted in good faith in attempting to repay the loans as Plaintiff has previously made payments on the loans when Plaintiff could and applied for deferment or forbearance on the loans.

17. Plaintiff cannot pay these loans back and maintain a minimum standard of living. Repayment of these loans would impose an undue hardship on the Plaintiff within the meaning of the Bankruptcy Code.

WHEREFORE, the Plaintiff prays this Honorable Court for the following relief:

A.  This Honorable Court discharge the student loans pursuant to §523(a)(8)(B);

B.  For such other and further relief this court deems just and proper.

Respectfully Submitted,
**/s/ Janna L Quarless**
**Attorney for Plaintiff**
The Semrad Law Firm, LLC

20 S. Clark Street, 28th Floor
Chicago, IL 60603
312-913-0625
JQuarless@semradlaw.com